UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
SANDMAN TABLE TENNIS, LLC,

    Plaintiff and Counterclaim-Defendant,

    v.

INTERNATIONAL TABLE TENNIS
FEDERATION,

    Defendant and Counterclaim-Plaintiff.
---------------------------------x

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 7/21/11 |

11 Civ. 1069 (RJH)

[~~PROPOSED~~] **SCHEDULING ORDER**

Plaintiff and Counterclaim-Defendant Sandman Table Tennis, LLC ("Sandman") and Defendant and Counterclaim-Plaintiff International Table Tennis Federation ("ITTF" and jointly, "the Parties") stipulate and agree as follows:

## DESCRIPTION OF THE CASE

1. The attorneys of record for Sandman are Gary P. Adelman and Sidney D. Bluming of Meister Seelig & Fein LLP. Gary P. Adelman will act as lead trial attorney for Sandman. The attorneys of record for ITTF are David W. Rivkin, Jeremy Feigelson and S. Zev Parnass of Debevoise & Plimpton LLP. Jeremy Feigelson will act as lead trial attorney for ITTF.

2. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Sandman, in its Complaint, seeks declarations that its use of the name WORLD CHAMPIONSHIP OF PING PONG does not infringe ITTF's rights; that such use does not constitute unfair competition, deceptive trade practices or other tortious

activity; that such use does not create a likelihood of confusion; and that any purported agreement with ITTF, claimed by ITTF, to change the name of its event was made under duress and is otherwise unenforceable. Sandman further seeks an injunction preventing ITTF from interfering with its events in the future, including by enforcing its rules that preclude players from participating in ITTF-sanctioned events if they participate in unsanctioned ones such as Sandman's.

4. ITTF, in its Counterclaims, seeks injunctive relief and damages for trademark infringement and false designation of origin under Section 43(a) of the Lanham Act, trademark dilution under state law, deceptive acts and practices under state law, trademark infringement and unfair competition under state common law and breach of contract.

5. The major question in this case is whether Sandman's use of the name WORLD CHAMPIONSHIP OF PING PONG for its events is in violation of ITTF's asserted rights in the names of its events and marks. At further issue is whether the Parties reached an enforceable agreement requiring Sandman to change the name of its event and whether, if an agreement was reached, the agreement was valid, and, if both conditions are met, if such agreement is enforceable and, if so, if it was breached.

6. Sandman prays that the Court grant declaratory relief that it is permitted to use the name WORLD CHAMPIONSHIP OF PING PONG for its events, grant a permanent injunction against ITTF, award reasonable attorneys' fees and costs and award such other and further relief, in law and/or in equity, as the Court deems just and proper. ITTF prays that the Court grant a permanent injunction against Sandman's use of the

name WORLD CHAMPIONSHIP OF PING PONG and any other names that are confusingly similar to the name WORLD CHAMPIONSHIP OF PING PONG or to any marks in which ITTF has preexisting rights; that Sandman be required to take steps to dispel the false impression created by its promotional activities; that Sandman abandon existing trademark applications and/or registrations that are confusingly similar to the name WORLD CHAMPIONSHIP OF PING PONG and to any ITTF mark; that Sandman provide an accounting of its profits or damages sustained by ITTF and provide a sworn, written statement detailing steps it has taken to comply with the Court's orders; and that the Court award treble profits or damages (whichever is greater), award costs and fees, including attorneys' fees, award punitive damages and award such other and further relief as the Court may deem just and proper.

## PROPOSED CASE MANAGEMENT PLAN

7. No motions are currently pending.

8. The Parties agree and propose the following dates:

   a. Last day for joinder of additional parties: October 10, 2011

   b. Last day to amend pleadings: October 10, 2011

   c. Rule 26(a)(1) disclosures due: August 10, 2011

   d. Completion of fact discovery: January 31, 2012

   e. Rule 26(a)(2) disclosures due: November 10, 2011

   f. Last day for delivery of expert opening reports: February 29, 2012

   g. Last day for delivery of expert rebuttal reports: March 30, 2012

   h. Completion of expert discovery: April 30, 2012

3

> The Court shall hold a status conference on February 3, 2012, at 10:00 a.m.

   i. Last day for filing dispositive motions: July 31, 2012

   j. Final Pretrial Order due: August 24, 2012

9. The Parties seek a jury trial for those claims as to which a jury trial may be had. The Parties estimate that a trial would last approximately 5 days. The Parties agree that the case will be ready for trial on September 10, 2012.

### MAGISTRATE JUDGE

10. The Parties do not consent to proceed before a Magistrate Judge.

### STATUS OF SETTLEMENT DISCUSSIONS

11. The Parties have engaged in settlement discussions. At the present time, settlement discussions have proven unsuccessful and have ended. The Parties do not request a settlement conference at this time.

SANDMAN TABLE TENNIS, LLC

By its attorneys,

_____
Gary Adelman
Sidney Bluming
MEISTER SEELIG & FEIN LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3580 (phone)
(212) 655-3535 (fax)
gpa@msf-law.com

INTERNATIONAL TABLE TENNIS FEDERATION

By its attorneys,

_____
David W. Rivkin
Jeremy Feigelson
S. Zev Parnass
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6230 (phone)
(212) 521-7230 (fax)
dwrivkin@debevoise.com
jfeigelson@debevoise.com
szparnass@debevoise.com

**SO ORDERED:**

_____
7/19/11

4