Gary Adelman (gpa@msf-law.com)
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10022
(212) 655-3580 (phone)
*Attorneys for Plaintiff and Counterclaim-Defendant*
*Sandman Table Tennis, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SANDMAN TABLE TENNIS, LLC

                        Plaintiff,

        v.

INTERNATIONAL TABLE TENNIS
FEDERATION

                        Defendant(s).
-------------------------------------------------------------X

**Case No. 11 CIV 1069 (RJH)**

**ANSWER TO
COUNTERCLAIMS**

       Plaintiff and Counterclaim Defendant Sandman Table Tennis, LLC ("Sandman"),

by its attorneys, for its Answer to the Counterclaims ("Counterclaims") of Defendant

Counterclaim Plaintiff International Table Tennis Federation ("ITTF"), alleges as

follows:

## NATURE OF THE ACTION

      1.     Denies the truth of the allegations in paragraph 1 of the Counterclaims.

      2.     Denies the truth of the allegations in paragraph 2 of the Counterclaims,

except admits that ITTF is not connected with, and does not approve of or sponsor

Sandman's WCPP Event[1].

---

[1] Sandman hereby incorporates by reference its definition of the WCPP Event contained in Sandman's
Complaint.

3.      Denies the truth of the allegations in paragraph 3 of the Counterclaims, except admits that ITTF sent Sandman a cease and desist notice.  Sandman specifically denies that there was an enforceable agreement between the parties and avers that ITTF's definition of the alleged Renaming Agreement is inaccurate.

4.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Counterclaims, except denies that Sandman abandoned claim to its rights in the name WORLD CHAMPIONSHIP OF PING PONG, denies that Sandman did not uphold its end of the alleged Renaming Agreement and denies that Sandman proceeded to stage the WCPP Event under the name WORLD CHAMPIONSHIP OF PING PONG.

5.      Denies the truth of the allegations contained in paragraph 5 of the Counterclaims, except that Sandman denies knowledge and information sufficient to form a belief as to the allegation that Sandman has refused to confirm that it will stop these violations, as Sandman denies that it has violated any alleged agreement between the parties.

6.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Counterclaims.

7.      Admits the truth of the allegations contained in paragraph 7 of the Counterclaims.

8.      Admits the truth of the allegations contained in paragraph 8 of the Counterclaims.

9.      Admits the truth of the allegations contained in paragraph 9 of the Counterclaims.

2

10.     Admits the truth of the allegations contained in paragraph 10 of the Counterclaims.

11.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims.

12.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaims.

13.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Counterclaims.

14.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaims.

15.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims.

16.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims.

17.     Denies the truth of the allegations contained in paragraph 17 of the Counterclaims.

18.     Denies the truth of the allegations contained in paragraph 18 of the Counterclaims, except admits that Sandman's racquets were covered with a sandpaper surface, that Sandman completed a television distribution agreement to have the WCPP Event aired on cable sports networks throughout the United States and that Sandman did not contact USATT or ITTF in advance of its promotional efforts.

19.     Denies the truth of the allegations contained in paragraph 19 of the Counterclaims, excepts admits that Sandman received a letter from ITTF's counsel and

further avers that the letter speaks for itself and refers the Court to the subject letter,
which is attached to Sandman's Complaint as Exhibit "A", for the best evidence of the
statements made therein.

20.     Denies knowledge and information sufficient to form a belief as to the
truth of the allegations contained in paragraph 20 of the Counterclaims.

21.     Denies the truth of the allegations contained in paragraph 21 of the
Counterclaims.  Sandman specifically denies that there was an enforceable agreement
between the parties and avers that ITTF's definition of the alleged Renaming Agreement
is inaccurate.

22.     Denies knowledge and information sufficient to form a belief as to the
truth of the allegations contained in paragraph 22 of the Counterclaims.

23.     Denies the truth of the allegations contained in paragraph 23 of the
Counterclaims, except that Sandman denies knowledge and information sufficient to
form a belief as to the truth of ITTF's allegations relating to its belief and state of alleged
surprise when it learned of the instant action.  Sandman admits that the title International
Classic Ping Pong Championship cannot be found on Sandman's website today, and that
some pictures of the WCPP Event may contain images of materials containing the words
"WORLD CHAMPIONSHIP OF PING PONG."  Sandman further admits that television
listings for the WCPP Event reflected the title "WORLD CHAMPIONSHIP OF PING
PONG."

24.     Denies the truth of the allegations contained in paragraph 24 of the
Counterclaims.

25.     Denies knowledge and information sufficient to form a belief as to the

4

truth of the allegations contained in paragraph 25 of the Counterclaims.

26.    Denies the truth of the allegations contained in paragraph 26 of the Counterclaims.

27.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Counterclaims, except admits that Sandman, in its Complaint, referred to the WCPP Event as a "table tennis tournament", that involved "table tennis players" and further that Sandman used and seeks to continue to use the name "World Championship of Ping Pong" so that "consumers will immediately understand, that the WCPP Event features the best table tennis players from around the world."

28.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Counterclaims, except admits that Sandman has filed trademark applications for the name "WORLD CHAMPIONSHIP OF PING PONG" and "WORLD CHAMPIONSHIP OF TABLE TENNIS" including Serial Nos. 85/228,907, 85/131,537, 85/216,722, 85/216,716 and 85/215,185 with the United States Patent and Trademark Office and an application for an International Registration extending protection to the European Union and China (USPTO Reference Number A0023106) (collectively the "Sandman Marks").

29.    Denies the truth of the allegations contained in paragraph 29 of the Counterclaims.

30.    Denies the truth of the allegations contained in paragraph 30 of the Counterclaims.

## COUNT I: TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT

31.     Sandman repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

32.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Counterclaims.

33.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Counterclaims.

34.     Denies the truth of the allegations contained in paragraph 34 of the Counterclaims.

35.     Denies the truth of the allegations contained in paragraph 35 of the Counterclaims.

36.     Denies the truth of the allegations contained in paragraph 36 of the Counterclaims.

37.     Denies the truth of the allegations contained in paragraph 37 of the Counterclaims.

## COUNT II: TRADEMARK DILUTION UNDER STATE LAW

38.     Sandman repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

39.     Denies the truth of the allegations contained in paragraph 39 of the Counterclaims.

40.     Denies the truth of the allegations contained in paragraph 40 of the Counterclaims.

41.     Denies the truth of the allegations contained in paragraph 41 of the

6

Counterclaims.

42.    Denies the truth of the allegations contained in paragraph 42 of the Counterclaims.

## COUNT III: DECEPTIVE ACTS AND PRACTICES UNDER STATE LAW

43.    Sandman repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

44.    Denies the truth of the allegations contained in paragraph 44 of the Counterclaims.

45.    Denies the truth of the allegations contained in paragraph 45 of the Counterclaims.

46.    Denies the truth of the allegations contained in paragraph 46 of the Counterclaims.

## COUNT IV: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER STATE LAW

47.    Sandman repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

48.    Denies the truth of the allegations contained in paragraph 48 of the Counterclaims.

## COUNT V: BREACH OF CONTRACT

49.    Sandman repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

50.    Denies the truth of the allegations contained in paragraph 50 of the Counterclaims.

51.    Denies the truth of the allegations contained in paragraph 51 of the

7

Counterclaims.

52.    Denies the truth of the allegations contained in paragraph 52 of the Counterclaims.

53.    Denies the truth of the allegations contained in paragraph 53 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Sandman hereby sets forth its separate and distinct affirmative defenses to the claims set forth in ITTF's Counterclaims.   By listing any matter as an affirmative defense, Sandman does not assume the burden of proving any matter upon which ITTF bears the burden of proof under applicable law.

### FIRST AFFIRMATIVE DEFENSE

ITTF's Counterclaims fail to state a claim against Sandman upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by the doctrine of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred as they do not own a valid trademark, or own trademark rights in the words "WORLD" or "CHAMPIONSHIP", used individually or in combination with one another.

8

## FIFTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred as ITTF's use of the words "WORLD" and "CHAMPIONSHIP", used individually or in combination with one another, does not constitute a trademark use.

## SIXTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by the doctrine of fair use.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent ITTF ever owned trademark rights in the words, "WORLD" or "CHAMPIONSHIP", used individually or in combination with one another, in the United States, ITTF has abandoned those rights.

## EIGHTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

There is no and was no likelihood of confusion between the Sandman Marks and ITTF's use of the words "WORLD" and "CHAMPIONSHIP", individually or in combination with one another.

## TENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by their own bad acts in that ITTF, through its exclusionary behavior and predatory practices, is attempting to monopolize the economic market of worldwide table tennis championships, which is illegal under 15 U.S.C. § 2.

## ELEVENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by public policy as the rights they seek to enforce are contrary to public policy in that they are tantamount to aiding ITTF's efforts

to impose a restraint of trade on the economic market of worldwide table tennis championships.

## TWELFTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred as the alleged Renaming Agreement between the parties was only induced and/or obtained through ITTF's threats, and other acts of duress and/or undue influence and/or illegal anti-competitive behavior, and as such is unenforceable.

## THIRTEENTH AFFIRMATIVE DEFENSE

ITTF has not sustained damages as a result of Sandman's alleged acts and as such, cannot sustain Counts III and V.

## FOURTEENTH AFFIRMATIVE DEFENSE

ITTF does not possess goodwill constituting property or a commercial advantage in the words "WORLD" or "CHAMPIONSHIP", used individually or in combination with one another, in New York.  As such ITTF cannot sustain a claim under Counts II or IV.

**WHEREFORE**, Sandman prays for relief as follows:

(a)     That ITTF's Counterclaims be dismissed in their entirety with prejudice;

(b)     That ITTF and all others in privity or acting in consort with ITTF be permanently enjoined from asserting that the Sandman Marks constitute trademark infringement, false designation of origin, trademark dilution, deceptive acts and/or practices, unfair competition, breach of contract, or any other violation or infringement of any alleged proprietary rights of ITTF.

10

(c)     That ITTF be required to pay to Sandman the costs of this action and reasonable attorneys fees under 15 U.S.C. 1117(a);

(d)     That this Court award Sandman such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 1, 2011

                      MEISTER SEELIG & FEIN LLP

                      By:_____
                      Gary Adelman, Esq. (GA-7138)
                      Sidney Bluming, Esq. (SB -2687)
                      Two Grand Central Tower
                      140 East 45th Street, 19th Floor
                      New York, New York 10017
                      (212) 655-3580
                      gpa@msf-law.com
                      *Attorneys for Plaintiff*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of August, 2011, a true and accurate

copy of the foregoing **ANSWER TO COUNTERCLAIMS** was served within the time

permitted by the court rules *via* First Class Mail for delivery to the following addressee(s):

David W. Rivkin
Jeremy Feigelson
S. Zev Parnass
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022

Dated: _____8|1|11_____            Signature: _____
                                                    Sarah M. Matz

{00439803.DOC;1}