# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Jeremy Feigelson
Partner
Tel  212 909 6230
Fax  212 521 7230
jfeigelson@debevoise.com

August 5, 2011



**BY HAND**

Honorable Richard J. Holwell
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/11
```

### Sandman Table Tennis, LLC v. International Table Tennis Federation
### 11 Civ. 1069 (RJH)

Dear Judge Holwell:

      We represent defendant and counterclaim plaintiff International Table Tennis Federation ("ITTF"). Pursuant to Rule 3A of Your Honor's Individual Practices, we write to request a pre-motion conference ahead of a motion for summary judgment under Federal Rule of Civil Procedure 56.

      This is a simple case. ITTF undisputedly is the international governing body of table tennis. ITTF has robust common-law trademark rights in the term WORLD CHAMPIONSHIP in the context of this sport, given its status as the governing body and its many years of organizing tournaments called WORLD CHAMPIONSHIP. Plaintiff and counterclaim defendant Sandman Table Tennis, LLC ("Sandman") is a private commercial operator that seeks to stage unauthorized WORLD CHAMPIONSHIP events of its own. That would be in violation of ITTF's trademark rights, and in violation of Sandman's own contractual promise not to use WORLD CHAMPIONSHIP. These propositions can readily be established on papers and without discovery.

1.    <u>The Dispute</u>

      ITTF is recognized as the sport's governing body by the International Olympic Committee and by all national federations, including the United States Table Tennis Association. Among ITTF's primary purposes is "to promote and to supervise World and Olympic title competitions." ITTF Constitution, § 1.04.01.08, available at http://www.ittf.com/ittf_handbook/ittf_hb.html. For decades ITTF has organized the

Honorable Richard J. Holwell                     2                         August 5, 2011

sport's WORLD CHAMPIONSHIP events, including the 2011 event held recently in Rotterdam, featuring top players from the U.S. and around the world.

Earlier this year, ITTF learned that Sandman was planning a tournament in Las Vegas to be called the "World Championship of Ping Pong." ITTF sent Sandman a cease and desist letter. Sandman agreed in writing to change the name of the event to "International Classic Ping Pong Championship." In exchange, ITTF advised the world's top players that they could participate in the Sandman event without endangering their eligibility for ITTF-sanctioned events (a risk the players otherwise would have faced under standard ITTF practices). Yet Sandman went on to hold the event under the infringing WORLD CHAMPIONSHIP mark that it had promised to abandon. Sandman has since made clear that it is determined to continue using WORLD CHAMPIONSHIP.

2.    Status of the Case

Sandman filed this lawsuit after the Las Vegas event, seeking a declaration of its rights to use WORLD CHAMPIONSHIP and a declaration that it had no contractual obligation to avoid the use of that mark. ITTF counterclaimed, asserting trademark infringement by Sandman as well as a breach by Sandman of the renaming agreement.

There has been no litigation activity to date other than the exchange of pleadings. The parties recently met to discuss settlement. ITTF believed an agreement in principle was reached, but Sandman then proposed a different deal and discussions broke down.

The parties submitted a joint scheduling order that allows for traditional full-scale discovery, with a final pretrial order due approximately a year from now. ITTF believes that the case can and should be resolved significantly faster and more efficiently, through an immediate summary judgment motion.

3.    The Planned Motion

The trademark issues in this case are ripe for summary judgment in ITTF's favor. Through documents and declarations, ITTF can show that it is universally recognized as table tennis' only international governing body; that it has held events using WORLD CHAMPIONSHIP and close variants since the 1920s; and that "table tennis" and "ping pong" are synonymous. Because only an international governing body can stage a true WORLD CHAMPIONSHIP, and because ITTF has done so for decades, Sandman's attempts to stage a "World Championship of Ping Pong," or any other form of WORLD CHAMPIONSHIP in this sport, are inherently infringing. *See, e.g., New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F.Supp. 2d 305, 315 (S.D.N.Y. 2010) (citations omitted) (sustaining preliminary injunction to protect plaintiff's common-law mark NYC TRIATHLON based on ten years of "exclusive use" as "the only Olympic distance triathlon to be run in the rivers, streets, and parks of New York City").

23485307v1

Honorable Richard J. Holwell     3     August 5, 2011

       The contract issues are equally straightforward. Via an exchange of emails, the parties agreed that Sandman would drop the name "World Championship of Ping Pong" for its Las Vegas event and substitute "International Classic Ping Pong Championship." Plain and simple, Sandman broke its promise by using the disputed name anyway. It continues to use the disputed name in rebroadcasts of the Las Vegas event and in other marketing activities. Sandman offers the defense of "duress," but this lacks any merit.

       All of this can readily be demonstrated now through declarations and documentary evidence. Pre-discovery summary judgment is firmly recognized as appropriate by the Second Circuit where the facts support it, and it is proper here. *See, e.g., Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) ("Plaintiff's claim that the court below erred in deciding the motions [for summary judgment] without giving him an opportunity to conduct discovery . . . lacks merit."). Sandman can be expected to protest that it needs discovery, but its burden will be to try and show, via Rule 56(d) procedures, exactly how discovery would help it avoid defeat. *See Castlerigg Master Investments, Ltd. v. Charys Holding Co.*, 2008 WL 449690, No. 07 Civ. 9742 (GEL) (S.D.N.Y. Feb. 19, 2008) (granting summary judgment without discovery where non-movant failed to make the necessary showing under Rule 56(d), then known as Rule 56(f)). Sandman will not be able to meet that burden.

4.     <u>Potential for Settlement</u>

       Although no settlement conference was requested in the jointly submitted scheduling order, ITTF for its part believes that the Court's assistance would be useful. This case should be amenable to settlement. ITTF welcomes anyone who wants to legitimately promote the sport and is prepared to work with Sandman in that regard. Given the history of the parties' dealings, though, we believe it is unlikely that settlement can be achieved at this point without judicial supervision. ITTF would be open to a settlement conference with Your Honor or with a magistrate judge. Such a conference could be held in tandem with, in addition to or in lieu of a pre-motion conference.

       ITTF appreciates the Court's attention to this matter.

                                   Respectfully yours,

                                     Jeremy Feigelson

cc: Gary Adelman, Esq. (by email)     [handwritten: The Court will hold a pre-motion
     Counsel for Sandman                            conference on September 30, 2011, at
                                                      10 a.m. The parties shall address at the
                                                      conference whether discovery is necessary
                                                      on the anticipated motion.]

                                                            RICHARD J. HOLWELL
23485307v1                                                  UNITED STATES DISTRICT JUDGE
                                                                8/15/11