Gary Adelman (gpa@msf-law.com)
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3580 (phone)
*Attorneys for Counterclaim Defendant
Liquidity Works, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SANDMAN TABLE TENNIS, LLC,

        Plaintiff and Counterclaim Defendant,

Case No. 11 CIV 1069 (RJH)

v.

INTERNATIONAL TABLE TENNIS
FEDERATION,

**ANSWER TO AMENDED
COUNTERCLAIMS**

        Defendant and Counterclaim Plaintiff,

v.

LIQUIDITY WORKS, INC.,

        Counterclaim Defendant.

------------------------------------------------------------------X

Counterclaim Defendant Liquidity Works, Inc., ("Liquidity"), by its attorneys, for its Answer to the Amended Counterclaims ("Counterclaims") of Defendant Counterclaim Plaintiff International Table Tennis Federation ("ITTF"), alleges as follows:

## NATURE OF THE ACTION

1.     Denies the truth of the allegations in paragraph 1 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Counterclaims against Sandman Table Tennis, LLC ("Sandman").

1

2.  Denies the truth of the allegations in paragraph 2 of the Counterclaims, except admits upon information and belief that ITTF is not connected with, and does not approve of or sponsor Sandman's WCPP Event[1] and denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 2 of the Counterclaims against Sandman.

3.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Counterclaims, except admits that ITTF sent Sandman a cease and desist notice. Upon information and belief, Liquidity further specifically denies that ITTF's definition of the alleged Renaming Agreement is accurate.

4.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Counterclaims, except denies that Liquidity abandoned any of Sandman's claim to its rights in the name WORLD CHAMPIONSHIP OF PING PONG, upon information and belief denies that Sandman did not uphold its end of the alleged Renaming Agreement and denies that Sandman proceeded to stage the WCPP Event under the name WORLD CHAMPIONSHIP OF PING PONG.

5.  Denies the truth of the allegations contained in paragraph 5 of the Counterclaims, except that Liquidity denies knowledge and information sufficient to form a belief as to the allegation that Liquidity has refused to confirm that it will stop these violations, as Liquidity denies that it was party any alleged agreement between Sandman and ITTF, denies that Liquidity violated any alleged agreement between

---

[1] Liquidity hereby incorporates by reference the definition of the WCPP Event contained in Sandman's Complaint.

2

Sandman and ITTF, and further denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Counterclaims against Sandman.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Counterclaims.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Counterclaims.

8. Denies the truth of the allegations contained in paragraph 8 of the Counterclaims, except admits that Liquidity is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 12 East 52nd Street, 4th Floor, New York, New York 10022.

9. Denies the truth of the allegations contained in paragraph 9 of the Counterclaims.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Counterclaims.

11. Admits the truth of the allegations contained in paragraph 11 of the Counterclaims.

12. Admits the truth of the allegations contained in paragraph 12 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Counterclaims against Sandman.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Counterclaims.

14. Denies knowledge and information sufficient to form a belief as to the

truth of the allegations contained in paragraph 14 of the Counterclaims.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Counterclaims.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaims.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Counterclaims.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Counterclaims.

19. Denies the truth of the allegations contained in paragraph 19 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Counterclaims against Sandman.

20. Denies the truth of the allegations contained in paragraph 20 of the Counterclaims, except admits upon information and belief that Sandman's racquets were covered with a sandpaper surface, admits upon information and belief that Sandman completed a television distribution agreement to have the WCPP Event aired on cable sports networks throughout the United States and admits upon information and belief that Sandman did not contact USATT or ITTF in advance of its promotional efforts.

21. Denies the truth of the allegations contained in paragraph 21 of the Counterclaims, excepts admits that upon information and belief Sandman received a letter from ITTF's counsel and further avers that the letter speaks for itself and refers the Court to the subject letter, which is attached to Sandman's Complaint as Exhibit "A", for the best evidence of the statements made therein.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Counterclaims.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Counterclaims. Upon information and belief, Liquidity further specifically denies that ITTF's definition of the alleged Renaming Agreement is accurate.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Counterclaims.

25. Denies the truth of the allegations contained in paragraph 25 of the Counterclaims, except that Liquidity denies knowledge and information sufficient to form a belief as to the truth of ITTF's allegations relating to its belief and state of alleged surprise when it learned of the instant action. Liquidity admits upon information and belief that the title International Classic Ping Pong Championship cannot be found on Sandman's website today, and that some pictures of the WCPP Event may contain images of materials containing the words "WORLD CHAMPIONSHIP OF PING PONG." Liquidity further admits upon information and belief that television listings for the WCPP Event reflected the title "WORLD CHAMPIONSHIP OF PING PONG."

26. Denies the truth of the allegations contained in paragraph 26 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the alleged email dated July 12, 2011 allegedly sent to USATT Membership Director, Joyce Grooms, allegedly specifically promoting the WORLD CHAMPIONSHIP OF PING PONG mark as the title of future events.

27. Denies the truth of the allegations contained in paragraph 27 of the

Counterclaims.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Counterclaims.

29. Denies the truth of the allegations contained in paragraph 29 of the Counterclaims.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaims.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Counterclaims, except admits upon information and belief that Sandman has filed trademark applications for the name "WORLD CHAMPIONSHIP OF PING PONG" and "WORLD CHAMPIONSHIP OF TABLE TENNIS" including Serial Nos. 85/228,907, 85/131,537, 85/216,722, 85/216,716 and 85/215,185 with the United States Patent and Trademark Office and an application for an International Registration extending protection to the European Union and China (USPTO Reference Number A0023106) (collectively the "Sandman Marks").

32. Denies the truth of the allegations contained in paragraph 32 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Counterclaims against Sandman.

33. Denies the truth of the allegations contained in paragraph 33 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Counterclaims against Sandman.

### COUNT I: TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN UNDER SECTION 43(a) OF THE LANHAM ACT

34. Liquidity repeats and re-alleges each and every answer in the foregoing

paragraphs as if fully set forth herein.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Counterclaims.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Counterclaims.

37. Denies the truth of the allegations contained in paragraph 37 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Counterclaims against Sandman.

38. Denies the truth of the allegations contained in paragraph 38 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Counterclaims against Sandman.

39. Denies the truth of the allegations contained in paragraph 39 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Counterclaims against Sandman.

40. Denies the truth of the allegations contained in paragraph 40 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Counterclaims against Sandman.

## COUNT II: TRADEMARK DILUTION UNDER STATE LAW

41. Liquidity repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

42. Denies the truth of the allegations contained in paragraph 42 of the Counterclaims.

43. Denies the truth of the allegations contained in paragraph 43 of the

Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Counterclaims against Sandman.

44. Denies the truth of the allegations contained in paragraph 44 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Counterclaims against Sandman.

45. Denies the truth of the allegations contained in paragraph 45 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Counterclaims against Sandman.

## COUNT III: DECEPTIVE ACTS AND PRACTICES UNDER STATE LAW

46. Liquidity repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

47. Denies the truth of the allegations contained in paragraph 47 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Counterclaims against Sandman.

48. Denies the truth of the allegations contained in paragraph 48 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Counterclaims against Sandman.

49. Denies the truth of the allegations contained in paragraph 49 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Counterclaims against Sandman.

## COUNT IV: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER STATE LAW

50. Liquidity repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

51. Denies the truth of the allegations contained in paragraph 51 of the Counterclaims, except denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Counterclaims against Sandman.

## COUNT V: BREACH OF CONTRACT

52. Liquidity repeats and re-alleges each and every answer in the foregoing paragraphs as if fully set forth herein.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Counterclaims.

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Counterclaims.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Counterclaims.

56. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Liquidity hereby sets forth its separate and distinct affirmative defenses to the claims set forth in ITTF's Counterclaims. By listing any matter as an affirmative defense, Liquidity does not assume the burden of proving any matter upon which ITTF bears the burden of proof under applicable law.

## FIRST AFFIRMATIVE DEFENSE

ITTF's Counterclaims fail to state a claim against Liquidity upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

ITTF's Counterclaims are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

ITTF's Counterclaims are barred by the doctrine of waiver and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

ITTF's Counterclaims are barred as they do not own a valid trademark, or own trademark rights in the words "WORLD" or "CHAMPIONSHIP", used individually or in combination with one another.

**FIFTH AFFIRMATIVE DEFENSE**

ITTF's Counterclaims are barred as ITTF's use of the words "WORLD" and "CHAMPIONSHIP", used individually or in combination with one another, does not constitute a trademark use.

**SIXTH AFFIRMATIVE DEFENSE**

ITTF's Counterclaims are barred by the doctrine of fair use.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent ITTF ever owned trademark rights in the words, "WORLD" or "CHAMPIONSHIP", used individually or in combination with one another, in the United States, ITTF has abandoned those rights.

**EIGHTH AFFIRMATIVE DEFENSE**

ITTF's Counterclaims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

There is no and was no likelihood of confusion between the Sandman Marks and ITTF's use of the words "WORLD" and "CHAMPIONSHIP", individually or in combination with one another.

### TENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by their own bad acts in that ITTF, through its exclusionary behavior and predatory practices, is attempting to monopolize the economic market of worldwide table tennis championships, which is illegal under 15 U.S.C. § 2.

### ELEVENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred by public policy as the rights they seek to enforce are contrary to public policy in that they are tantamount to aiding ITTF's efforts to impose a restraint of trade on the economic market of worldwide table tennis championships.

### TWELFTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred as Liquidity is not a competitor of ITTF.

### THIRTEENTH AFFIRMATIVE DEFENSE

ITTF has not sustained damages as a result of Liquidity's alleged acts and as such, cannot sustain Count III.

### FOURTEENTH AFFIRMATIVE DEFENSE

ITTF does not possess goodwill constituting property or a commercial advantage in the words "WORLD" or "CHAMPIONSHIP", used individually or in combination with one another, in New York. As such ITTF cannot sustain a claim under Counts II or IV.

### FIFTEENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred as Liquidity did not knowingly cause a false representation to be used in connection with goods and services in commerce.

### SIXTEENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred against Liquidity as Liquidity did not cause any allegedly infringing goods or services to enter commerce.

### SEVENTEENTH AFFIRMATIVE DEFENSE

ITTF's Counterclaims are barred against Liquidity as ITTF has not properly joined Liquidity in this action.

**WHEREFORE**, Liquidity prays for relief as follows:

(a)  That ITTF's Counterclaims be dismissed in their entirety with prejudice;

(b)  That ITTF and all others in privity or acting in consort with ITTF be permanently enjoined from asserting that the Sandman Marks constitute trademark infringement, false designation of origin, trademark dilution, deceptive acts and/or practices, unfair competition, breach of contract, or any other violation or infringement of any alleged proprietary rights of ITTF;

(c)  That ITTF be required to pay to Liquidity the costs of this action and reasonable attorneys fees under 15 U.S.C. 1117(a);

//

//

//

//

//

(d) That this Court award Liquidity such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 8, 2011

MEISTER SEELIG & FEIN LLP

By: _____
Gary Adelman, Esq. (GA-7138)
Sidney Bluming, Esq. (SB -2687)
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3580
gpa@msf-law.com
*Attorneys for Counterclaim Defendant Liquidity Works, Inc.*