Gary Adelman, Esq.
MEISTER SEELIG & FEIN LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, New York 10017
(212) 655-3580 (phone)
gpa@msf-law.com (e-mail)
*Attorneys for Sandman Table Tennis, LLC
And Liquidity Works, Inc*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SANDMAN TABLE TENNIS, LLC

        Plaintiff/Counterclaim Defendant,

v.

INTERNATIONAL TABLE TENNIS
FEDERATION

        Defendant/Counterclaim Plaintiff,

v.

LIQUIDITY WORKS, INC.,

        Counterclaim-Defendant.
-----------------------------------------------------------------X

Case No. 11 CIV 1069
(KBF)

### SANDMAN TABLE TENNIS LLC AND LIQUIDITY WORKS, INC'S RESPONSE TO ITTF'S RULE 56.1(a) STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1(b)

Pursuant to Local Civil Rule 56.1, Sandman Table Tennis, LLC ("Sandman") and Liquidity Works, Inc. ("Liquidity") (collectively the "Counterclaim Defendants") by their

undersigned counsel, submits this response to International Table Tennis Federation's ("ITTF") Local Rule 56.1 Statement (the "Rule 56.1 Statement").[1]

## GENERAL OBJECTION

As an initial matter Counterclaim Defendants object to each and every assertion made in the Rule 56.1 Statement insofar as it has been supported by the Cavanaugh Decl., the Oswald Decl., the Rogge Decl., and/or the Verbruggen Decl. These declarations do not support the Rule 56.1 Statement with citations to evidence which would be admissible under Fed. R. Civ. P. 56(c), which *inter alia* requires that a "declaration used to support. . . a motion must be made on personal knowledge." *See* Fed. R. Civ. P. 56(c)(4). These declarations fail to state that any of their statements were made upon personal knowledge and as such cannot be used to support the assertions herein as they violates Local Rule 56.1(d).

## RESPONSES TO ITTF'S RULE 56.1 STATEMENTS

1. Counterclaim Defendants dispute the assertion made in paragraph 1 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery.[2] *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim

---

[1] As referred to herein the "Adelman Decl." shall refer to the Declaration of Gary Adelman dated March 26, 2012 together with exhibits, the "Bogatin Decl." shall refer to the Declaration of Jeffrey Bogatin dated March 26, 2012 together with exhibits, the "Sharara Decl." shall refer to the Declaration of Adam Sharara dated October 31, 2011 together with exhibits, the "Baxter Decl." shall refer to the Declaration of Charles Baxter dated October 31, 2011 together with exhibits, the "Verbruggen Decl." shall refer to the Declaration of Hein Verbruggen dated October 24, 2011, the "Rogge Decl." shall refer to the Declaration of Jacques Rogge dated October 31, 2011, the "Oswald Decl." shall refer to the Declaration of Denis Oswald dated October 28, 2011, and the "Cavanaugh Decl." shall refer to the Declaration of Michael D. Cavanaugh, dated October 31, 2011 together with exhibits.

[2] "Discovery Requests" collectively refers to Sandman's First Set of Interrogatories, First Set of demands for Documents and Things and Notice of Deposition to ITTF. *See* Adelman Decl., ¶10.

Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion.

   2. Counterclaim Defendants dispute the assertion made in paragraph 2 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Further, the Cavanaugh Decl., the Oswald Decl., the Rogge Decl., and/or the Verbruggen Decl. fails to state that any of his statements were made upon personal knowledge and as such cannot be used to support this assertion. As such this assertion violates Local Rule 56.1(d). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion.

  3.  Counterclaim Defendants dispute the assertion made in paragraph 3 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion.

  4.  Counterclaim Defendants dispute the assertion made in paragraph 4 of the Rule 56.1 Statement. "Ping Pong" is a registered trademark originally owned by Parker Brothers, Inc., and now owned by SOP Services, Inc., which Sandman has licensed from SOP Services, Inc. *See* Bogatin Decl., ¶4; Adelman Decl., ¶29, Ex. 17 ("Ping-Pong (**trademark**) –used for table tennis"). "Table Tennis" is a generic term. *See* Baxter Decl., Ex. F, pg 3. "Table Tennis" was disclaimed by USATT when it registered for its trademark "USA TABLE TENNIS". *See* Adelman Decl., ¶30, Ex. 18.

  5.  Counterclaim Defendants dispute the assertion made in paragraph 5 of the Rule 56.1 Statement. Ping Pong" is a registered trademark originally owned by Parker Brothers, Inc., and now owned by SOP Services, Inc., which Sandman has licensed from SOP

Services, Inc. *See* Bogatin Decl., ¶4; Adelman Decl., ¶29, Ex. 17 ("Ping-Pong (**trademark**) –used for table tennis"). "Table Tennis" is a generic term. *See* Baxter Decl., Ex. F, pg 3. "Table Tennis" was disclaimed by USATT when it registered for its trademark "USA TABLE TENNIS". *See* Adelman Decl., ¶30, Ex. 18.

6. Counterclaim Defendants dispute the assertion made in paragraph 6 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, ITTF has organized many of its events under differing, varying and inconsistent names. *See* Sharara Decl., Ex D, E, F, H, J, P and Q; Baxter Decl., Ex. A(c).

7. Counterclaim Defendants dispute the assertion made in paragraph 7 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that

the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion.

8. Counterclaim Defendants dispute the assertion made in paragraph 8 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, ITTF's tournaments have never been formally known as the WORLD TABLE TENNIS CHAMPIONSHIPS as ITTF has

organized many of its events under differing, varying and inconsistent names. *See* Sharara Decl., Ex D, E, F, H, J, P and Q; Baxter Decl., Ex. A(c).

9. Counterclaim Defendants dispute the assertion made in paragraph 9 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, ITTF's 2011 tournament was not entitled "2011 WORLD TABLE TENNIS CHAMPIONSHIPS" but instead was advertised, promoted and or held under the names "GAC GROUP 2011 WORLD TABLE TENNIS CHAMPIONSHIPS" and "GAC GROUP 2011 WTTC ROTTERDAM." Sharara Decl., Ex. H.

10. Counterclaim Defendants dispute the assertion made in paragraph 10 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that

the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, ITTF has organized many of its events under differing, varying and inconsistent names. *See* Sharara Decl., Ex D, E, F, H, J, P and Q; Baxter Decl., Ex. A(c).

11.     Counterclaim Defendants dispute the assertion made in paragraph 11 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon

the information that is available to Counterclaim Defendants, the 2007 event referred to in this statement was also held, advertised and promoted as the "2007 WORLD JUNIOR CHAMPIONSHIPS" (Sharara Decl., Ex. Q, pg. 1) and as "WJTTC 2007" (Sharara Decl., Ex. Q, pg 2-30).

12. Counterclaim Defendants dispute the assertion made in paragraph 12 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, ITTF has organized many of its events under differing, varying and inconsistent names. *See* Sharara Decl., Ex D, E, F, H, J, P and Q; Baxter Decl., Ex. A(c). The remainder of this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion.

13. Counterclaim Defendants dispute the assertion made in paragraph 13 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this

9

assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is vague and unintelligible as "it" is capable of varying and differing meanings. However based upon the information that is available to Counterclaim Defendants, and subject to Counterclaim Defendants' interpretation of this assertion, private companies organize competitive events in Olympic sports using the words "WORLD" and "CHAMPIONSHIP" in the title of their event. *See* Adelman Decl., ¶¶26, 27, Exs. 13 and 14.

    14.     Counterclaim Defendants dispute the assertions contained in paragraph 14 of the Rule 56.1 Statement. ITTF has failed to support the assertions in paragraph 14 of the Rule 56.1 Statement with citations to evidence that actually support the assertion as stated. None of the cited declarations i.e. Rogge Decl., the Verbruggen Decl., or the Oswald Decl., state that each Olympic sport has a single worldwide governing body, made up of national associations. *See* Rogge Decl., the Verbruggen Decl., or the Oswald Decl.

    15.     Counterclaim Defendants dispute the assertion made in paragraph 15 of the Rule 56.1 Statement, as ITTF has made improper statements concerning a "vast majority" but only given 3 examples. Additionally, Counterclaim Defendants have not had an opportunity to

accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, private companies also organize competitive events in Olympic sports using the words "WORLD" and "CHAMPIONSHIP" in the title of their event. *See* Adelman Decl., ¶¶26, 27, Exs. 13 and 14.

16.  Counterclaim Defendants dispute the assertion made in paragraph 16 of the Rule 56.1 Statement, as ITTF has made improper statements concerning a "vast majority" in paragraph 15 but only given 3 examples and improperly extrapolated those examples into a self-serving definition.  Moreover, based upon the information that is available to Counterclaim Defendants private companies also organize competitive events in Olympic sports using the words "WORLD" and "CHAMPIONSHIP" in the title of their event. *See* Adelman Decl., ¶¶26, 27, Exs. 13 and 14. Additionally, Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As

such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995).

17.     Counterclaim Defendants dispute the assertion made in paragraph 17 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). However based upon the information that is available to Counterclaim Defendants, ITTF has organized many of its events under differing, varying and inconsistent names. *See* Sharara Decl., Ex D, E, F, H, J, P and Q; Baxter Decl., Ex. A(c).

18.     Counterclaim Defendants dispute the assertion made in paragraph 18 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is vague and unintelligible and is capable of varying and differing meanings. However based upon the information that is available to Counterclaim Defendants, and subject to Counterclaim Defendants' interpretation of this assertion, ITTF has organized many of its events under differing, varying and inconsistent names. *See* Sharara Decl., Ex D, E, F, H, J, P and Q; Baxter Decl., Ex. A(c). Moreover, there is no evidence that any name, other than "ITTF," is "clearly associated with ITTF." *See* Defs. Mem. Point II.

19.     Counterclaim Defendants dispute the assertion made in paragraph 19 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such,

summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion as "interaction" does not constitute use in commerce pursuant to 15 U.S.C. § 1127, which unambiguously requires that to constitute use in commerce, **the services must be rendered in commerce or in more than one State or in the United States.** *See* 15 U.S.C. § 1127.

20.  Counterclaim Defendants dispute the assertion made in paragraph 20 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51

F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion as "promotion" and "work[ing] with" does not constitute use in commerce pursuant to 15 U.S.C. § 1127, which unambiguously requires that to constitute use in commerce, **the services must be rendered in commerce or in more than one State or in the United States.** *See* 15 U.S.C. § 1127.

    21.    Counterclaim Defendants dispute the assertion made in paragraph 21 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Additionally this statement is irrelevant to the adjudication of ITTF's pending summary judgment motion as "arranging" for an event to be shown on television is not an affirmation that it actually aired nor does it demonstrate **distribution figures reflecting the number of consumers who *actually* watched ITTF's** "events." *See Chum Ltd. v Lisowski*, 198 F Supp

15

2d 530, 535 (S.D.N.Y. 2002) (evidence of how many viewers *actually* watch a program is of obvious importance to the secondary meaning inquiry.

22.  Counterclaim Defendants do not dispute the assertion made in paragraph 22 of the Rule 56.1 Statement for the purpose of this motion.

23.  Counterclaim Defendants dispute the assertion made in paragraph 23 of the Rule 56.1 Statement. Counterclaim Defendants have not had an opportunity to accumulate documentary evidence, interrogatory responses, and/or take depositions in connection with this assertion, because ITTF has failed to comply with the Discovery Requests, despite the fact that the Court has declined to stay discovery. *See* Adelman Decl., ¶¶9-22. As such, summary judgment, and this assertion must be denied pursuant, until such a time as the Counterclaim Defendants have had the opportunity to accumulate needed evidence to rebut this assertion. *See Hellstrom v U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97-98 (2d Cir. 2000) (denying summary judgment against plaintiff because he did not have the opportunity to accumulate needed evidence because he was denied the opportunity to conduct discovery); *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin*, 45 F.3d 677, 680 (2d Cir.1995). Moreover the assertion is vague as it is wholly unclear what "ranking" system ITTF is referring to. Sandman's players had won championships and at least one had even competed in the Olympics. *See* Bogatin Decl., ¶7.

24.  Sandman does not the assertion made in paragraph 24 of the Rule 56.1 Statement that it did not contact ITTF or USATT to seek sanction and assistance in promoting Sandman's event. Sandman was under no obligation to do so as neither ITTF or USATT own the sport of

table tennis. Additionally Sandman's event is very different from the services offered by ITTF. *See* Bogatin Decl., ¶6.

25. Counterclaim Defendants dispute the assertions contained in paragraph 25 of the Rule 56.1 Statement. Defendants have failed to support the assertions in paragraph 25 of the Rule 56.1 Statement with citations to evidence which would be admissible under Fed. R. Civ. P. 56(c), which *inter alia* requires that a "declaration used to support. . . a motion must be made on personal knowledge." *See* Fed. R. Civ. P. 56(c)(4). The Cavanaugh Decl., fails to state that any of his statements were made upon personal knowledge and as such cannot be used to support this assertion. As such this assertion violates Local Rule 56.1(d).

26. Counterclaim Defendants do not dispute the assertion made in paragraph 26 of the Rule 56.1 Statement for the purpose of this motion.

27. Counterclaim Defendants do not dispute the assertion made in paragraph 27 of the Rule 56.1 Statement for the purpose of this motion.

28. Counterclaim Defendants do not dispute the assertion made in paragraph 28 of the Rule 56.1 Statement for the purpose of this motion.

29. Counterclaim Defendants dispute the assertion made in paragraph 29 of the Rule 56.1 Statement. Sandman agreed not to "market the event as the World Championship of Ping Pong on February 7th and 8th" only. *See* Bogatin Decl., ¶¶18-22. However this agreement was only obtained under duress. *Id.* ¶¶11-22.

30. Counterclaim Defendants do not dispute the assertion made in paragraph 30 of the Rule 56.1 Statement for the purpose of this motion.

31. Counterclaim Defendants dispute the assertion made in paragraph 31 of the Rule 56.1 Statement as the statement is ambiguous in that it is capable of more than one interpretation.

Sandman agreed not to "market the event as the World Championship of Ping Pong on February 7th and 8th" only. *See* Bogatin Decl., ¶¶18-22. However this agreement was only obtained under duress. *Id.* ¶¶11-22.

32. Counterclaim Defendants dispute the assertion made in paragraph 32 of the Rule 56.1 Statement. The agreement was void as a matter of law as it was only obtained under duress. *See* Bogatin Decl., ¶¶11-22. Notwithstanding this fact, Sandman tried its best to change the name for February 7th and 8th only. Sandman changed the website, reprinted the sign for the front of the venue, sat down with the players and explained that the event name had been changed on February 7th and 8th and even sent out a press release. *See id.* ¶20.

33. Counterclaim Defendants dispute the assertion made in paragraph 33 of the Rule 56.1 Statement. The agreement was void as a matter of law as it was only obtained under duress. *See* Bogatin Decl., ¶¶11-22. Notwithstanding this fact, Sandman tried its best to change the name for February 7th and 8th only. Sandman changed the website, reprinted the sign for the front of the venue, sat down with the players and explained that the event name had been changed on February 7th and 8th and even sent out a press release. *See id.* ¶20.

34. Counterclaim Defendants dispute the assertion made in paragraph 34 of the Rule 56.1 Statement. The agreement was void as a matter of law as it was only obtained under duress. *See* Bogatin Decl., ¶¶11-22. Moreover the assertion, insofar as it characterizes "WORLD CHAMPIONSHIP OF PING PONG" as "infringing" is improper as "infringing is a legal conclusion.

35.     Counterclaim Defendants dispute the assertion made in paragraph 35 of the Rule 56.1 Statement. Sandman changed its website on February 7th and 8th 2011. *See* Bogatin Decl., ¶20.

36.     Counterclaim Defendants dispute the assertion made in paragraph 36 of the Rule 56.1 Statement. The assertion, insofar as it characterizes "WORLD CHAMPIONSHIP OF PING PONG" as "infringing" is improper as "infringing" is a legal conclusion. Additionally, Liquidity has no involvement with the marketing, promotion, planning, execution or any other part of the Event. There are a few individuals who work for both Sandman and Liquidity, but none of them were ever given the authority to involve Liquidity in the event. *See* Bogatin Decl., ¶¶24 and 25.

Dated: New York, New York
       March 26, 2012

Respectfully submitted,

MEISTER SEELIG & FEIN LLP

_(signature)_

Gary Adelman, Esq.
140 East 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3580
E-mail: gpa@msf-law.com
*Attorneys for Sandman Table Tennis LLC and Liquidity Works, Inc.*