UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SANDMAN TABLE TENNIS, LLC,                  :
                                            :
    Plaintiff and Counterclaim-Defendant,   :   11 Civ. 1069 (RJH)
                                            :
    v.                                      :   ECF Case
                                            :
INTERNATIONAL TABLE TENNIS                  :   **REPLY DECLARATION OF**
FEDERATION,                                 :   **CHARLES W. BAXTER**
                                            :
    Defendant and Counterclaim-Plaintiff,   :
                                            :
    v.                                      :
                                            :
LIQUIDITY WORKS, INC.,                      :
                                            :
    Counterclaim-Defendant.                 :
------------------------------------x

Charles W. Baxter declares:

    1.    I am an attorney admitted to the bar of the state of New York and the bar of this Court. I am associated with Debevoise & Plimpton LLP, counsel to defendant and counterclaim-plaintiff, International Table Tennis Federation ("ITTF"). I am fully familiar with the procedural history of this matter. I submit this reply declaration in further support of ITTF's motion for summary judgment.

    2.    Sandman filed its complaint in this case in February 2011 and completed international service in April. ITTF sought to make this pre-discovery motion on August 5, and the Court held a pre-motion conference on

September 30.  When the parties met with the Court at this conference, Sandman had yet to initiate any discovery.

3. On October 5, Sandman served its discovery requests, to which ITTF timely served responses and objections.  Since these responses were served, Sandman has not contacted ITTF to schedule the timing of production of documents or the taking of depositions, has never requested to meet and confer with ITTF regarding ITTF's responses and objections, nor has Sandman sought to raise any discovery issues with the Court.  Neither Sandman nor Liquidity Works has provided any response to ITTF's December 20, 2011 discovery requests.

4. Attached hereto as Exhibits M through N are true and accurate copies of the following:.

> Exhibit M: A copy of the Preliminary Settlement and License Agreement between Sandman Table Tennis, LLC, Indian Industries, Inc. dba Escalade Sports, and SOP Services, Inc., dated January 27, 2011, provided to ITTF's counsel by counsel for Escalade Sports and SOP Services, Inc.
>
> Exhibit N: Order of Judge Gardephe dated January 24, 2011 in *Indian Industries, Inc. v. Sandman Table Tennis, LLC*, 11 Civ. 381 (PGG) (S.D.N.Y.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on April 9, 2012:


                                                                                 _____s/ Charles W. Baxter_____
                                                                                           Charles W. Baxter

# EXHIBIT M

#734474: 1077-611

# PRELIMINARY SETTLEMENT AND LICENSE AGREEMENT

This Preliminary Settlement and License Agreement ("Agreement") is effective as of January 27, 2011, by and between SOP Services, Inc., a Nevada corporation having a principal place of business at 2215-B Renaissance Drive, Suite 10, Las Vegas, Nevada 89119 with Indian Industries, Inc. dba Escalade Sports, an Indiana Corporation, having a business address of 817 Maxwell Avenue, P.O. Box 889, Evansville, IN 47706-0889 (collectively "Escalade Sports"), and Sandman Table Tennis, LLC, a Delaware Corporation, having a business address of 12 East 52nd Street, 4th Floor, New York, New York 10022 ("Sandman").

Whereas, SOP Services, Inc. is the owner of all rights in certain trademarks and goodwill, including common law and statutory trademarks, copyrights and trade dress rights in the mark PING-PONG® and variations thereof including U.S. Trademark Registration Nos. 294,408; 520,270; 283,766 and 283,767, for table tennis tables and equipment (collectively "the PING-PONG Trademark");

WHEREAS, Indian Industries, Inc. is the exclusive licensee, with the power to grant sublicenses, of the entire right, title and interest in and to the PING-PONG Trademark;

WHEREAS Sandman desires to incorporate and use the PING-PONG Trademark in Sandman's mark WORLD CHAMPIONSHIP OF PING PONG as the name for certain table tennis competitions, and to use the WORLD CHAMPIONSHIP OF PING PONG Trademark in association with related entertainment services, promotional materials and branded merchandise;

WHEREAS, the Escalade Sports has filed suit against Sandman in the United States District Court for the Southern District of New York, Civil Action No. 11 CIV 381 (PGG) alleging trademark infringement, dilution, and unfair competition from Sandman's use of the PING-PONG Trademark ("the Complaint") and has filed a motion for a Temporary Restraining Order and Preliminary Injunction ("the Motion");

THEREFORE, and in consideration of the premises and the mutual covenants contained herein and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. Escalade Sports hereby grants Sandman a global, royalty free license to incorporate and use the PING-PONG Trademark in the form of Sandman's WORLD CHAMPIONSHIP OF PING PONG Trademark (hereafter the "WC Trademark") as a name for table tennis tournaments. The license granted herein is limited to use of PING-PONG® as incorporated in the form of the WC Trademark, and does not include a general license to the PING-PONG Trademark alone. Escalade Sports agrees that it will not use or grant a license to use the PING-PONG Trademark for use or in a name for a table tennis competition in conjunction with a designation of "World" or "Championship"; however, Escalade Sports retains the right to grant a license of the PING-PONG trademark for tournaments using titles which are not confusingly similar to the WC Trademark, such as PING-PONG CLASSIC or PING-PONG CHALLENGE.

2. This Agreement shall endure in perpetuity and be irrevocable; however, Sandman's failure to hold at least one WC tournament during any forty-eight month period shall

1

be grounds for termination of the license granted in Paragraph 1 unless such tournament is run within an agreed time of notice from Escalade Sports.

    3.    Sandman agrees that use of the PING-PONG Trademark under the license granted in Paragraph 1 shall satisfy reasonable quality control standards consistent with high quality. The parties agree to negotiate the specific details of such provisions in good faith pursuant to Paragraph 8 below.

    4.    Sandman acknowledges and agrees that the registered PING-PONG Trademarks are valid and famous and are the property of Escalade Sports, and that Sandman will not, directly or indirectly, do any act to jeopardize or adversely affect the validity of the PING-PONG Trademark, including contesting Escalade Sports' rights to the PING-PONG Trademark.

    5.    Paragraphs 1 and 4 shall be automatically terminated if the PING-PONG Trademark is deemed not protectable by a final, unappealable court decision or USPTO disposition.

    6.    During the telecast of the February 2011 Licensed Event, Sandman will agree to provide one minute of advertising time for the promotion of the PING-PONG brand, the advertising content to be provided by Escalade Sports at Escalade Sports' cost, or alternately Sandman will provide a similar amount of airtime promoting the brand, such as by commentators during tournament commentary. The details of this to be worked out between the parties within the next week.

    7.    Sandman agrees to expressly abandon U.S. Trademark Application Serial No. 85131543 pending at the U.S. Patent and Trademark Office. Sandman agrees to not use the WORLD CHAMPIONSHIP OF PING PONG mark or any mark incorporating the term PING-PONG on table tennis related game playing equipment and accessories such as, but not limited to, balls, bats, rackets, nets, paddles, boards, and tables.

    8.    The parties commit to promptly negotiate in good faith to reach a final agreement consistent with and regarding other terms which have been discussed, including:

    a.    The parties agree to engage in good faith negotiations to define more detailed quality control provisions;

    b.    The parties agree to engage in good faith negotiations regarding Sandman's recognition of Ping-Pong/Escalade Sports as a sponsor during WCPP tournaments and Escalade Sports promotion of the World Championship of Ping Pong as a licensed and sanctioned event;

    c.    The parties agree to engage in good faith negotiations regarding standards for properly marking uses of the PING-PONG Trademark and recognizing Escalade Sports as the owner of the PING-PONG Trademark during WCPP tournaments;

    d.    The parties agree to engage in good faith negotiations regarding educational activities to promote and educate consumers regarding the PING-PONG® brand including correct usage of the PING-PONG Trademark in connection with WCPP tournaments;

    e.    The parties agree to engage in good faith negotiations regarding the use of equipment supplied by Escalade Sports in WCPP tournaments;

  f. The parties agree to engage in good faith negotiations regarding Sandman's registration and use of the WC Trademark for goods and services other than table tennis game playing equipment, but there are no restrictions on Sandman in connection with the use of the term "WCPP" or the logo embodying the same;

  g. The parties agree to engage in good faith negotiations regarding Sandman's cooperation if a Third Party Claim involves a challenge to the validity of the PING-PONG Trademark.

9. In exchange for the above, Escalade Sports will dismiss the Complaint filed in the Southern District of New York with prejudice and will withdraw the pending Motion for a Temporary Restraining Order and Preliminary Injunction.

10. This Agreement shall inure to the benefit of and shall be binding upon the parties hereto, their respective successors and their permitted transferees and assigns. This can be signed in counterparts, and delivered electronically. NY law will govern.

Indian Industries, Inc.
dba Escalade Sports

Name: _____
Title: _____
Date: _____

SOP Services, Inc.

Name: _____
Title: _____
Date: _____

Sandman Table Tennis, LLC

Name: _[signature]_
Title: CEO
Date: Jan 2? 11

3

f.  The parties agree to engage in good faith negotiations regarding Sandman's registration and use of the WC Trademark for goods and services other than table tennis game playing equipment, but there are no restrictions on Sandman in connection with the use of the term "WCPP" or the logo embodying the same;

g.  The parties agree to engage in good faith negotiations regarding Sandman's cooperation if a Third Party Claim involves a challenge to the validity of the PING-PONG Trademark.

9.  In exchange for the above, Escalade Sports will dismiss the Complaint filed in the Southern District of New York with prejudice and will withdraw the pending Motion for a Temporary Restraining Order and Preliminary Injunction.

10.  This Agreement shall inure to the benefit of and shall be binding upon the parties hereto, their respective successors and their permitted transferees and assigns. This can be signed in counterparts, and delivered electronically. NY law will govern.

Indian Industries, Inc.
dba Escalade Sports

Name: _Dave Fetherman_
Title: _VP - Sales & Marketing_
Date: _1/27/11_

SOP Services, Inc.

Name: _DEBORAH MEINERT_
Title: _TREASURER_
Date: _1/27/11_

Sandman Table Tennis, LLC

Name: _____
Title: _____
Date: _____

3

# EXHIBIT N

```
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDIAN INDUSTRIES, INC., d/b/a
ESCALADE SPORTS, and SOP
SERVICES, INC.,

                        Plaintiffs,

        - against -

SANDMAN TABLE TENNIS, LLC,

                        Defendant.

**ORDER**

11 Civ. 381 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        This Court received an application for a Temporary Restraining Order and Order to Show Cause Why a Motion for Preliminary Injunction Should Not Be Granted concerning Defendant Sandman Table Tennis, LLC's use of the alleged trademark "Ping Pong."

        Plaintiffs are directed to serve their papers by Federal Express or another overnight service on Defendant on or before January 25, 2011. Defendant's answering papers shall be filed with this Court and served by Federal Express or another overnight service on Plaintiffs' counsel at their offices by the close of business on January 28, 2011. Reply papers, if any, are due on February 2, 2011. This Court will hold a hearing on **February 4, 2011 at 10:00 a.m.** in Courtroom 6B of the United States Courthouse, 500 Pearl Street, New York, New York.

        Counsel are directed to address in their papers, inter alia, whether "Ping Pong" is a protectable mark.

Dated: New York, New York
       January 24, 2011

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge