# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Jeremy Feigelson
Partner
Tel  212 909 6230
Fax  212 521 7230
jfeigelson@debevoise.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 0 2012

July 3, 2012



**BY HAND**

Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Sandman Table Tennis, LLC ("Sandman") et al. v.**
**International Table Tennis Federation ("ITTF")**
**11 Civ. 1069 (KBF)**

Dear Judge Forrest:

On behalf of defendant and counterclaim plaintiff ITTF, we write to ask the Court to convene a case management conference in order to discuss how this case might best move forward.  The case presents a number of challenges that we believe would benefit from the Court's attention at a conference.  Ideally, such a conference would be convened before the scheduled July 16 discovery cutoff date if the Court's schedule permits.

By way of background, ITTF is the international governing body of the sport of table tennis.  ITTF organizes the sport's World Championship and Olympic tournaments, among other events.  This case arose because plaintiff Sandman planned to stage a private commercial event called the "World Championship of Ping Pong."  ITTF informally challenged that name and, it believed, struck a contractual deal with Sandman to have it drop "World Championship" from its event name.  Sandman proceeded with the event under the name "World Championship of Ping Pong," then sued ITTF. Through its claims, Sandman sought essentially to establish its right to use the name "World Championships of Ping Pong" and to establish that ITTF does not have rights in "World Table Tennis Championships."  ITTF counterclaimed, seeking to establish that it does have rights in "World Table Tennis Championships," that Sandman's use of "World Championships of Ping Pong" had infringed those rights, and that Sandman had breached a contract to change the name of its event.

From the beginning, ITTF has made it a priority to resolve this case as efficiently as possible.  ITTF is a modest organization run by a volunteer board and officers and a

Honorable Katherine B. Forrest                    2                          July 3, 2012

small paid staff. It urgently needs to devote its very limited resources to the promotion of the sport, and not to litigation.

Accordingly, ITTF has tried repeatedly to promote settlement. There have been some direct discussions between the parties and their counsel, but those unsupervised discussions have been unsuccessful. An effort initiated by ITTF to organize a mediation was unsuccessful as well.

ITTF also has tried to expedite matters by filing, with Judge Holwell's permission, its pre-discovery motion for summary judgment. ITTF believed, and believes, that the issues are clear and simple and properly susceptible to such an early motion. While Judge Holwell did not stay discovery, ITTF frankly hoped that a decision on the motion would be forthcoming quickly given the costs and burdens of discovery. ITTF recognizes the many burdens on this District Court, and certainly does not mean to suggest that it was in any way owed a decision prior to now. We simply want to be candid about ITTF's situation.

While Sandman can speak for itself, our impression is that Sandman too is a small organization that should welcome alternatives to full-fledged federal litigation. It may be a good indication of the parties' situation that as of today, 13 days before the discovery cutoff, neither side has produced documents, served deposition notices or seriously pressed the other side to do so. Informal discussions about a methodology and timetable for completing discovery have been minimal and inconclusive.

ITTF's concerns are heightened by the upcoming Olympic Games. The Games are completely absorbing ITTF's limited resources at the moment, and that will be the case until the Games are over on August 10 and various post-Games responsibilities have been discharged thereafter. Although there have been discussions between outside counsel about various approaches to meeting the July 16 discovery cutoff, ITTF has reluctantly concluded that there is simply no practical way – cost issues aside – for it to produce documents, give depositions and attend to the other responsibilities of discovery during Olympics season while still meeting its responsibilities to the athletes and organizers.

To be clear, the Olympics only exacerbate what ITTF has come to believe is an untenable situation. ITTF has concluded that even without the added burden of the Games, and even if it were to switch to less expensive counsel, completion of full discovery would be unduly burdensome and expensive given the nature of ITTF's mission and its limited resources.

For all these reasons, ITTF respectfully submits that this case is in need of a creative, Court-supervised approach that will help the parties to find a fair, quick and efficient resolution. ITTF therefore requests a conference with Your Honor or a

Honorable Katherine B. Forrest                3                              July 3, 2012

magistrate.  Among the possible approaches that we would hope to discuss at the
conference are the following:

(1) A settlement conference including the principals, to be conducted as soon as
practicable after the Olympics and to be overseen directly by Your Honor or by a
magistrate judge.

(2) A deferral of the discovery cutoff date until October 31, both to allow the
parties to focus on alternatives to full-fledged litigation and to allow ITTF to at least be
relieved of discovery obligations during the Olympic crunch period.

(3) A process whereby the summary judgment motion would be decided, and
ITTF would agree in advance to accept a denial of the motion as determinative of the
case.  That is, if the Court were to deny the motion, then instead of proceeding to trial
ITTF would accept a consent judgment that gives Sandman the essential relief it sued for:
i.e., the right to use the name "World Championship of Ping Pong" and an undertaking by
ITTF to not interfere with player participation in Sandman events.  From ITTF's
viewpoint, such a consent judgment would have to include provisions making clear that
Sandman would not seek to associate its event with ITTF, and that the judgment would
have no effect on ITTF's claim of rights in "World Table Tennis Championships."

ITTF would also be open to other ideas that the Court or Sandman might suggest
for consideration at a conference.  We have shared the substance of this letter orally with
Sandman's counsel by telephone yesterday.  We thank Your Honor for considering this
request.

Respectfully yours,

Jeremy Feigelson

cc:     Gary Adelman, Esq. (by email only)
        Counsel for Sandman Table Tennis, LLC and Liquidity Works, Inc.

_(handwritten annotations)_

② ITTF must appear for Deposition in the next 20 days. (KBF)

Ordered

① There will be no deferral of the discovery cut off date. The Court will entertain limited applications for good cause. The date was set long ago and this amounts to a unilateral extension.

K. B. Forrest
USDJ

23696206v1   7/16/12